



RECEIVED AXM
6/4/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED MAN
6/9/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN P. WALLISER | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Case Number |
| | ) |
| STEVEN STREIT, Individually and as Mayor of the City | ) |
| of Lockport, Illinois, JEFF DOBKE, Individually and as | ) Assigned Judge |
| Officer of the LOCKPORT POLICE DEPARTMENT, | ) |
| THE CITY OF LOCKPORT SANITARY SEWER | ) |
| DISTRICT, SILVER CROSS HOSPITAL INC. | ) |
| NEUROPSYCHIATRIC HOSPITALS LLC, METHODIST | ) |
| HOSPITALS INC., GARY SCHUMAL, Individually | ) |
| and as president of AUSTIN TYLER CONSTRUCTION | ) |
| INC. MICHAEL MARTIN, Individually and as SPECIAL | ) |
| ASSISTANT ATTORNEY GENERAL, TOM THANAS, | ) |
| Individually and as LOCKPORT CITY ATTORNEY and | ) |
| LOBBYIST EMPRESS CASINO, BEN BENSON, | ) |
| Individually and as LOCKPORT CITY MANAGER, | ) |
| MICHAEL CARROLL, Individually and as LOCKPORT | ) |
| CITY ATTORNEY | ) |
| | ) |
| Defendants | ) |

**1:26-cv-6686**
**Judge Mary M. Rowland**
**Magistrate Judge Laura K. McNally**
**Random / Cat. 2**

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983 AND COMPLAINT FOR VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (18 U.S.C. §§ 1962 (c), 1962(d), and 1964 (c)) JURY TRIAL DEMANDED**

## I.    Jurisdiction

1.    This Honorable Court has jurisdiction pursuant to the existence of a federal question under 28 U.S.C § 1331 and the protection of civil rights under 28 U.S.C. § 1343(a)(3) and (4) as this action arises under the Constitution and laws of the United States, specifically, 42 U.S.C. § 1983, 1985, and 18 U.S.C. §§ 1961-1968.

2.    This court has subject-matter jurisdiction under 18 U.S.C. §§ 1964(c) and 1965

## NATURE OF THE ACTION

1.    This is an action for violations of civil rights under 42 U.S.C. § 1983, §1985 and a civil action for treble damages, costs, and fees arising from the Defendants' violations of 18 U.S.C. §§ 1962(c) and 1962(d).

2.    Defendants, acting individually and in concert, conducted affairs of an enterprise through a pattern of racketeering activity, including mail fraud, wire fraud, bribery, extortion, other predicate acts including retaliation against a whistleblower under the Sarbanes Oxley Act, (See *DeGuelle v. Camilli (7th Cir. 2011)*, causing injury to the Plaintiff's property and business.

## II.    Parties

1

A.      Plaintiff: The Plaintiff is John P. Walliser, a citizen of the state of Illinois who may be

served with process at 405 S. Washington St. Lockport, IL. 60441. The plaintiff is 75 years old

with a medical history of auto-immune disease.

B.      Defendants:

1.  Steven Streit, Mayor of the City of Lockport, IL. 222 E. 9th St. Lockport, IL.60441.

Defendant and his agents, employees, contractors and representatives acted under color

of state law at all relevant times. At all relevant times , each defendant, agent, employee,

contractor, and representative was a "person" within the meaning of 18 U.S.C. §1961(3).

2.  Jeff Dobke, Officer of the Lockport Police Department, 1212 Farrell Rd. Lockport IL.

60441. Defendants acted under color of state law at all relevant times.

3.  Silver Cross Hospital Inc. 1900 Silver Cross Blvd. New Lenox, IL. 60451. Defendants

acted under color of state law at all relevant times.

4.   NeuroPsychiatric Hospitals LLC. 112 W. Jefferson Blvd, Suite 600, South Bend, IN.

46601. Defendants acted under color of state law at all relevant times.

5.  Methodist Hospitals Inc. 600 Richard Gordon Hatcher Blvd. Gary, IN 46402. Defendants

acted under color of state law at all relevant times.

6.  Gary Schumal, President of Austin Tyler Construction Inc. 23343 S. Ridge Rd. Elwood,

IL. 60421. Defendants acted under color of state law at all relevant times. At all relevant

times, the defendant was a "person" within the meaning of 18 U.S.C. §1961(3).

7. The City of Lockport Sanitary Sewer District, 222 E. 9th St. Lockport, IL. 60441. Defendants acted under color of state law at all relevant times.

8. Michael Martin, Special Assistant Attorney General, Dunn, Martin & Miller, LTD. 15 W. Jefferson St. #300 Joliet, IL. 60432. Defendants acted under color of state law at all relevant times. At all relevant times, the defendant was a "person" within the meaning of 18 U.S.C. §1961(3).

9. Tom Thanas, Lockport City Attorney, 222 E. 9th St. Lockport, IL.60441. Defendants acted under color of state law at all relevant times. At all relevant times, the defendant was a "person" within the meaning of 18 U.S.C. §1961(3).

10. Ben Benson, Manager City of Lockport, 222 E. 9th St. Lockport, IL.60441. Defendants acted under color of state law at all relevant times. At all relevant times, the defendant was a "person" within the meaning of 18 U.S.C. §1961(3).

11. Michael Carroll,  222 E. 9th St. Lockport, IL.60441. Defendants acted under color of state law at all relevant times. At all relevant times, the defendant was a "person" within the meaning of 18 U.S.C. §1961(3).

### III.    Statement of Facts

1. On or about May 9th 2024, Plaintiff was subject to unlawful arrest, excessive force, denial of medical care and wrongful imprisonment for a period of 30 days and was transported across state lines into the state of Indiana.

3

2. Officer Dobke of the Lockport Police Department took the Plaintiff into custody from the Plaintiff's home under threat of force where the Plaintiff was restrained without reason and taken without consent to Silver Cross Hospital where the Plaintiff was again restrained and taken by force across state lines without knowledge or consent and was held for 30 days without a hearing, medical care, food or sleep and was forcibly drugged causing severe adverse reactions to pre-existing medical conditions of auto-immune disease including Lupus, Sjogren's, POTs, Dysautonomia and hyper sensitivities to heavy metals including Titanium.

3. The lack of food for 30 days caused sarcopenia and severe weight loss, damaging the Plaintiff's liver and kidneys. The Plaintiff's auto-immune was aggravated by lack of food, medical care and sleep. The Plaintiff's auto-immune was also aggravated by forced drugs causing severe adverse medical reactions. The Plaintiff recorded and published the arrest and transport across state lines.

4. The Plaintiff is an investigative journalist and published author who has been investigating massive political corruption and organized crime related to prominent public officials, Judges, law firms and contractors. The Plaintiff has published two books exposing the corruption of the public officials entitled, *Profiles in Evil,The History of RICO Violations in the Planning, Federal Approvals and Construction of I-355 in Will County Illinois* and *Profiles in Evil, Lockport's Sanitary Sewer Scandal:A Public health Crisis Worse Than Flint Michigan.*The Plaintiff has also been exposing the defendants'corruption on social media platforms and the Plaintiff's website.

5. One of the areas of corruption involves a *Sanitary Sewer Scandal* that affected the Plaintiff's home. Public officials cited above and the State's largest road building contractor, (Austin Tyler Construction), have been engaging in a massive fraud and a cover-up of unlawful

4

and damaged sanitary sewer connections involving hundreds of homes in the historic downtown sections of Lockport including the plaintiff's home.The plaintiff's historic home was built in 1909.

6.   During the installation of new storm sewers under a $150 million dollar federal grant, the plaintiff's home suffered severe flooding issues and it was discovered that the plaintiff's sanitary sewer line ran through his neighbors yard and driveway. This line from the main sanitary sewer had been cut off 15 months earlier during the installation of the new storm sewers and streets.

7.   The road construction also caused severe structural damages due to the combination of vibratory compactors and soil compaction aggravated by the flooding of the damaged sanitary sewer lines that were now acting as drain tile causing severe flooding issues. The Plaintiff's home suffered severe structural damages to the foundation, walls, the roof and floors. The Plaintiff has no lawful or functional connection to a sanitary sewer. The Plaintiff, on or about September 1st of 2025,  filed an appeal before the Will County Board of Review concerning property taxes and the Board removed all property taxes for the property due to the complete damages that the home suffered as a result of the conduct of the City of Lockport and the Austin Tyler road building contractor. The Plaintiff's complaint included an 88 page PDF file which was the draft of the Plaintiff's book, *Profiles In Evil Lockport's Sanitary Sewer Scandal: A Public Health Crisis Worse Than Flint Michigan,*

8.   The Plaintiff's investigation revealed that the City of Lockport had been unlawfully running sanitary sewer connections through neighboring properties without the filing of easements because the main sanitary sewers were never installed at sufficient depths for proper drainage. This practice had been occurring for nearly 8 decades as a result of rezoning before

World War 2 until the present day. The Plaintiff has been exposing this massive corruption and cover-up involving organized crime and very prominent law firms and judges who are a part of this scandal. The Plaintiff was threatened and intimidated in retaliation by these officials who were also a part of the tollway corruption that was also investigated by the Plaintiff. The Plaintiff was part of a secret state police investigation into tollway corruption which implicated the Attorney General's Office. The Plaintiff was also exposing these same corrupt officials in this current sanitary sewer scandal. At the same time that the Plaintiff filed an appeal before the Will County Board of Review, He also filed an appeal pursuant to §51.100 of the City's code to challenge his sewer bill using the same PDF file sent to the Will County Board of Review. The City Attorney refused the Plaintiff's request for a continuance in violation of §51.135 (E)of the City's Code. This hearing was a public hearing which the Plaintiff intended to record for publication. The Plaintiff sought to use his book as evidence for the hearing and was waiting to receive copies from the publisher. The City held a hearing without the Plaintiff and the City Attorney made numerous false claims and statements concerning the content of Plaintiff's PDF file. The ruling of the city claimed that the evidence contained in the plaintiff's file was "immaterial and irrelevant to the issue of water/sewer payment and disconnection." The false statements made by the city Attorney were a violation of 740 ILCS 175/3 and constitute an obstruction of justice under 720 ILCS 5/31-4 and a furtherance of the RICO enterprise.The failure to allow the plaintiff's right to a hearing further violated the 14th Amendment and Due Process.

6

## IV.    THE ENTERPRISE

9.    Plaintiff alleges the existence of an association-in-fact enterprise within the meaning of 18 U.S.C. §1961(4), consisting of various government entities under the influence of organized crime including but not limited to The Defendants cited above.

10.    The enterprise had a common purpose of promoting urban sprawl land use planning and the collection of bribes in providing advance knowledge of Tollway interchange locations. The Attorney General's Office engaged in unlawful advanced acquisitions of properties. This scheme also involved high ranking officials within the Tollway and IDOT as well as connected law firms and judges. The urban sprawl land use planning encouraged massive amounts of road construction and increased vehicular traffic to increase revenues for casinos.

11.    The increased road construction was subsidized by federal funds and the urban sprawl infrastructure costs were subsidized by the highest tax rates in the nation. The I-355 Tollway approvals were generated by fraud in violation of numerous federal and state laws pertaining to advanced acquisitions, Public hearings, Environmental and Relocation laws. These RICO violations are fully documented in the plaintiff's published books cited above.

12.    The Enterprise had sufficient longevity to permit the members to pursue its purpose over a period of time with unlawful acquisitions beginning in the 1970s and continuing until the required Tollway public hearings in 1994. The continued urban sprawl growth ensures profits of over $500 million annually for Austin Tyler Construction which is responsible for the current

7

Lockport Sanitary Sewer scandal with public officials who also profit from the urban sprawl growth planning.

13.     The enterprise is distinct from the pattern of racketeering activity and from the individual defendants.

## V.     THE PATTERN OF RACKETEERING ACTIVITY

14.     Defendants committed, or caused to be committed, at least two acts of racketeering activity within the meaning of 18 U.S.C. § 1961(1)

15.     These predicate acts were related because they shared the same purpose, participants and method of commission.

16.     These predicate acts satisfy continuity because they occurred over a substantial period of time and/or posed a threat to future repetition.

17.     The predicate acts include, without limitation;

A.     Defendants used the US mail in their commission of unlawful property acquisitions and mail fraud to send monthly billings for a sanitary sewer service that they have failed to provide in violation of 18 U.S.C. § 1341.

8

B.      Defendants also use the internet in their cover-up of unlawful acts related to the Tollway and to send monthly billings for a sanitary sewer service that they have failed to provide in violation of 18 U.S.C. § 1343.

C.      Defendants engaged in bribery in unlawful property acquisitions related to the I-355 Tollway in violation of 18 U.S.C. § 201.

D.      Defendants engaged in kidnapping when they seized the plaintiff from his home and transported him across state lines where he was imprisoned for 30 days without a hearing in violation of 18 U.S.C. § 1201.

E.      Defendants engaged in retaliation and extortion by threatening to shut off water and garbage collections to the plaintiff's home unless the plaintiff paid for monthly sewer services in violation of 18 U.S.C. § 1951. The defendants also failed to provide federal relocation benefits and the right of judicial review in retaliation for the plaintiff's refusal to engage in their "Pay to Play: bribery scheme related to unlawful property acquisitions in violation of 18 U.S.C.§ 1512.

F.      The Defendants violated 18 U.S.C. § 1510 and 1511,(obstruction of criminal investigations and obstruction of State or local law enforcement). This occurred when the State police criminal Investigation was shut down after a search warrant evidenced the Attorney General in the "Pay to Play" bribery scheme for unlawful property acquisitions and the denial of the Plaintiff's right to relocation assistance and benefits including acts of judicial fraud by the

9

Office of the Attorney General to prevent judicial notice of claims related to the defendants'

RICO activities.

G.     Defendants continuously threatened the plaintiff with malicious abuse of process

and prosecutions in violation of 18 U.S.C. § 241, §1512 and §1513. (tampering with a witness,

victim or informant and retaliation against a witness, victim or informant.)

H.     The Defendants acted in retaliation for the Plaintiff's publications of their

corruption in violation of 18 U.S.C. § 1514(A), the Sarbanes Oxley Act, (See *DeGuelle v.*

*Camilli (7th Cir. 2011)*, causing injury to the Plaintiff's property and business.

I.     The Defendants falsified information in a public hearing to determine water and

sewer bills pursuant to Municipal Codes and violations of 18 U.S.C. § 1503, (obstruction of

justice),

## VI.     CONDUCT OF THE ENTERPRISE

18.     Defendants knowingly participated in the operation or management of the enterprise's

affairs.

19.     Defendants made decisions, directed others, coordinated activities, and /or controlled the

enterprises conduct through racketeering acts.

## VII.   INJURY AND CAUSATION

20.    As a direct and proximate result of the defendants RICO violations, Plaintiff suffered injury to business and property, including lost revenue, diminished value, unreinbursed payments, Federal Relocation benefits and due process rights.

21.    The Plaintiff's home suffered severe water damage and as a consequence was infected with toxic mold issues. On 3/25/ 2026 and 5/10/2026, the Plaintiff was hospitalized in intensive care for Mast Cell Activation Syndrome causing nearly fatal anaphylaxis shock as a result of toxic mold exposure. These events occurred because of the Plaintiff's auto-immune and the unlawful conduct of the Defendants.

22.    Plaintiff's injuries were caused by the racketeering conduct and were foreseeable consequences of Defendants' scheme.

## VIII.   CLAIMS FOR RELIEF

### COUNT  I.

### (Civil RICO)

23.    Plaintiff realleges paragraphs 1-22.

11

24. Defendants conducted or participated in the conduct of the enterprises affairs through a pattern of racketeering activity.

25. Plaintiff was injured in his business and property by reason of that violation.

## COUNT II.

### (Civil RICO)

26. Plaintiff realleges paragraphs 1-25.

27. Defendants knowingly agreed to facilitate the commission of at least two predicate acts and to participate in the enterprise's unlawful conduct.

28. Defendants conspired to violate 18 U.S.C. § 1962(c).

## COUNT III. Violation of Fourth Amendment

### (unreasonable seizure/ excessive force)

29. Plaintiff realleges paragraphs 1-28.

30.     Defendants, while acting under color of state law, deprived Plaintiff of the right to be secure in his person against reasonable searches and seizures guaranteed by the Fourth Amendment to the U.S. Constitution and made actionable by 42 U.S.C. § 1983. See *Graham v. Conner, 490 U.S. 386 (1989)* ( use of force must be objectively reasonable under the Fourth Amendment(. [4]

## COUNT IV.   Violation of Fourteenth Amendment

### (due process)

31.     Plaintiff realleges paragraphs 1-30.

32.     Defendants deprived Plaintiff of liberty and or property without due process of law in violation of the Fourteenth Amendment, Fifth Amendment and 42 U.S.C. § 1983. See *Wilson v. Warren County Ill. 830 F.3d 464 (7th Cir. 2016)*(plaintiff must allege deprivation under color of state law). [4]

## Count   V.  Violation of First Amendment

### (freedom of speech)

33.     Plaintiff realleges paragraphs 1-32.

13

34.     Defendants' deprived Plaintiff of his First Amendment rights pertaining to the information linking public officials with organized crime and RICO violations concerning the I-355 Tollway and the City of Lockport Sanitary Sewer Scandal. Plaintiff has published 2 books entitled "*Profiles In Evil: The History of RICO Violations In The Planning, Federal Approvals And Construction of I-355 In Will County Illinois*", and "*Profiles In Evil Lockport's Sanitary Sewer Scandal: A Public Health Crisis Worse Than Flint Michigan*". The Plaintiff has also been exposing the corruption on social media and has produced several documentaries included on his web page. See *Kilborn v. Amiridis (7th Cir. 2025)*. Retaliation against a whistleblower under the Sarbanes Oxley Act, (See *DeGuelle v. Camilli (7th Cir. 2011)*, causing injury to the Plaintiff's property and business.

### Count  VI  Injunction

35.     The Plaintiff realleges paragraphs 1- 34.

36.     The Plaintiff seeks to enjoin the City of Lockport from suspending services to the plaintiff  for refusing to continue to pay for sewer services that the city has failed to provide according to law.

### IX.  Injuries

36.     As a direct and proximate result of the Defendants' conduct, Plaintiff sustained severe physical harm aggravating his well documented auto-immune disease resulting in widespread

14

damage to his organs and tissues as well as emotional distress. The Plaintiff has lost the use of his home, his business and investment backed expectations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against defendants as follows:

   A.  treble damages under 18 u.s.c. § 1964(c);

   B.  Costs of suit and reasonable fees;

   C.  Prejudgment and post judgment interest where permitted;

   D.  Compensatory and punitive damages in an amount determined by a jury;

   E.  Such other and further relief as this court deems fit and proper.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated  04/29/2026

Respectfully submitted,

/s/ John P. Walliser MLS Pro se
405 S. Washington St.
Lockport, IL. 60441
708 268 2354
johnpwalliser@gmail.com

15