IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN P. WALLISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-6686 |
| | ) | |
| STEVEN STREIT, Individually and as Mayor of the City of Lockport, Illinois, JEFF DOBKE, Individually and as Officer of the LOCKPORT POLICE DEPARTMENT, THE CITY OF LOCKPORT SANITARY SEWER DISTRICT, SILVER CROSS HOSPITAL INC. NEUROPSYCHIATRIC HOSPITALS LLC, METHODIST HOSPITALS INC., GARY SCHUMAL, Individually and as president of AUSTIN TYLER CONSTRUCTION INC., MICHAEL MARTIN, Individually and as SPECIAL ASSISTANT ATTORNEY GENERAL, TOM THANAS, Individually and as LOCKPORT CITY ATTORNEY and LOBBYIST EMPRESS CASINO, BEN BENSON, Individually and as LOCKPORT CITY MANAGER, MICHAEL CARROLL, Individually and as LOCKPORT CITY ATTORNEY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Mary M. Rowland

Magistrate Judge Laura K. McNally |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SILVER CROSS HOSPITAL AND MEDICAL CENTERS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

NOW COMES Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, improperly sued as "Silver Cross Hospital Inc.," a nonexistent entity, by and through its attorneys, CRAY HUBER HORSTMAN HEIL & VANAUSDAL LLC, and hereby moves this Honorable Court for dismissal of the Plaintiff's Complaint at Law under Federal Rule of Civil Procedure Rule 12(b)(6). In support thereof, Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, states as follows:

**INTRODUCTION**

1.      On June 4, 2026, Plaintiff, JOHN P. WALLISER ("Plaintiff"), filed an improper and wholly insufficient Complaint at Law ("Complaint") against multiple defendants, including SILVER CROSS HOSPITAL AND MEDICAL CENTERS. 1:26-cv-6686, Doc. No. 1.   Plaintiff's Complaint fails to state any cause of action against this Defendant and simply contains a wide array of vague and conclusory allegations asserted against numerous, unrelated Defendants.  These "allegations" provide no differentiation or elucidation of the purported acts of any named actor in terms of the purported theories of action being pursued.  Plaintiff appears to seek recovery against all Defendants for purported violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 1962, and the First Amendment of the United States Constitution.

**SUMMARY OF PURPORTED FACTUAL ALLEGATIONS**

2.      In his Complaint, Plaintiff incorrectly identifies this Defendant as "Silver Cross Hospital, Inc." and provides an address of operation.  There is no further allegation regarding any alleged act or omission regarding this Defendant, but rather an unsupported conclusory allegation this Defendant "acted under the color of state law at all times."  (Doc. Number 1 at Page 2).

3.      The only allegations in the Complaint otherwise making reference to SILVER CROSS HOSPITAL AND MEDICAL CENTERS, allege that, without providing reference to a specific date, Defendant Officer Dobke of the Lockport Police Department "took the Plaintiff into custody . . . under threat of force. . . restrained without reason and taken without consent to Silver Cross Hospital."  (Doc. No. 1 at Page 4).  Without explanation or factual allegation, Plaintiff asserts he was "again restrained," presumably referencing SILVER CROSS HOSPITAL AND MEDICAL CENTERS, but then taken across state lines by an unknown person or authority.  (Doc. No. 1 at Page 4).  There is no other reference in the Complaint to SILVER CROSS HOSPITAL AND MEDICAL CENTERS and there

2

is no allegation that SILVER CROSS HOSPITAL AND MEDICAL CENTERS, as an institution (the only capacity in which it has been sued) conducted any act or admission for which a cause of action against the Hospital exists under the law.

4.      The remainder of the Complaint addresses a mixture of allegations regarding claims of being held in an unnamed location for thirty (30) days without a hearing, medical care, food, or sleep and being forcibly drugged with an unidentified medication, suffering adverse physical reactions, aggravation of pre-existing autoimmune diseases, significant weight loss, sarcopenia, and internal injuries, purported emotional distress and loss of use of his home, business, and investment backed expectations and seemingly unrelated claims of Plaintiff having worked as an investigative journalist. (Doc. No. 1, Pages 4-6).  None of these statements have any bearing on any claim for recovery being asserted against SILVER CROSS HOSPITAL AND MEDICAL CENTERS.

5.      Plaintiff's sole allegations against SILVER CROSS HOSPITAL AND MEDICAL CETNERS are that it is located at 1900 Silver Cross Blvd. in New Lenox, Illinois, acted under color of state law and that Plaintiff was transported to SILVER CROSS HOSPITAL AND MEDICAL CENTERS while under the control of the Lockport Police Department, apparently still restrained. (Doc. No. 1).

6.      Plaintiff's Complaint claims to seek relief under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 1962(c) and (d).  (Doc. No. 1, Page 1).

## **LEGAL STANDARD**

7.      A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's complaint, not the merits of the allegations. The complaint must contain sufficient factual support to establish a reasonable basis for relief. *Stoller v. Berkshire Hathaway, Inc.*, 18-CV-47, 2019 WL 141401, at *1 (N.D. Ill. Jan. 9, 2019), citing *Bell Atlantic*

3

*Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). "In order to survive a motion to dismiss, a complaint must allege facts which, when considered together, establish the cause of action which the plaintiff seeks to state." *Loftus v. Mingo*, 158 Ill. App. 3d 733, 738, 511 N.E.2d 203, 205 (4th Dist. 1987). Dismissal is proper where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006). A claim may be dismissed if it is beyond doubt that under no set of facts would plaintiff's allegations entitle the plaintiff to relief. *Stobinske-Sawyer v. Vill. of Alsip*, 188 F. Supp. 2d 915, 918–19 (N.D. Ill. 2002), citing *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992).

8.      To be sufficient, a complaint must contain sufficient averments of fact to allow the court to draw the reasonable inference that the defendant is liable for the alleged cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*   For a complaint to satisfy federal pleading standards, it must give the defendant fair notice of what claim is being made against it and on what grounds the claim is being made. *Donovan v. Eagleson*, 484 F. Supp. 3d 552, 557 (N.D. Ill. 2020). "While a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Indeed, although legal conclusions may provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft*, <u>supra</u>.

## **ARGUMENT**

**I.  Plaintiff's Complaint Fails To State A Cause of Action Upon Which Relief Can Be Granted**

### a. *Plaintiff Fails to State A Cause of Action Under Section 1983*

9. Plaintiff's Complaint fails to make any factual allegation which has the potential to prove that SILVER CROSS HOSPITAL AND MEDICAL CENTERS was acting under the color of law as required by Section 1983. As such, Plaintiff's Complaint must be dismissed with prejudice.

10. Section 1983, in pertinent part, states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…" 42 U.S.C. 1983.

11. To state a valid cause of action under Section 1983, a plaintiff must sufficiently allege that the defendant (1) violated his constitutional rights (2) while acting under the color of law. *Hu v. Am. Bar Ass'n*, 568 F. Supp. 2d 959 (N.D. Ill. 2008), aff'd, 334 Fed. Appx. 17 (7th Cir. 2009). A defendant acts under the color of state law if the state effectively directs or controls actions of the private party such that the state can be held responsible for the private party's decision, or delegates public function to a private entity. *Id*. "State action may be found if, **though only if**, there is such a close nexus between the State, and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (emphasis added). A complaint is properly dismissed where a plaintiff is unable to show that the defendant is a state actor for the purposes of liability under Section 1983. *Hu*, 568 F. Supp. 2d 959, 963 (N.D. Ill. 2008).

12. SILVER CROSS HOSPIAL AND MEDICAL CENTERS is a private hospital and is not controlled by the state or federal government. To establish a Section 1983 cause of action against this Defendant, Plaintiff must assert allegations which prove or have the potential to prove that such

5

a close nexus exists between the private entity and the state such that the alleged wrongdoing by SILVER CROSS HOSPITAL AND MEDICAL CENTERS may be treated as an action taken by the state itself. *Brentwood Acad*, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L.Ed.2d 807 (2001).

13.     Plaintiff has failed to establish any fact which proves or has the potential to prove that SILVER CROSS HOSPITAL AND MEDICAL CENTERS acted under the color of law.  Plaintiff's Complaint makes the general assertion that SILVER CROSS HOSPITAL AND MEDICAL CENTERS "acted under color of state law at all relevant times." (Doc. 1, Page 2.)  Plaintiff alleges no facts to establish this Defendant was a state actor, what specific actions and/or inactions were allegedly taken by this Defendant, how those actions were performed under the color of law. Absent these specific facts, Plaintiff's Complaint fails to provide sufficient information from which the Court can draw a reasonable inference that SILVER CROSS HOSPITAL AND MEDICAL CENTERS, a private hospital, acted under the color of law.  As such, Plaintiff's Complaint must be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action.

b.  ***Plaintiff Fails to State A Cause of Action Under Section 1985***

14.     Plaintiff's Complaint does not contain sufficient factual allegations to prove SILVER CROSS HOSPITAL AND MEDICAL CENTERS prevented any officer from performing their duties, obstructed justice in any way, or deprived Plaintiff of any right or privilege. As such, Plaintiff has failed to state a cause of action under Section 1985 and his Complaint must be dismissed with prejudice.

15.     Section 1985 allows for a plaintiff to recover for damages or injury caused by private actors who deprives the plaintiff of his civil rights. *Molina v. Latronico*, 430 F.Supp.3d 420, 432 (2019). The purpose of Section 1985 is to permit recovery from a private actor who has conspired

with state actors in such a way that caused injury to a plaintiff or his property or deprivation of his rights. *Id.*

16.     To state a valid cause of action under Section 1985, a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving, directly or indirectly, a person of the equal protection of the laws or privileges and immunities under law (3) in the furtherance of the conspiracy (4) causing injury to his person or property or the deprivation of any right or privilege which would belong to a person of the united states.  *Loftus*, 158 Ill. App. 3d 733, 743 (4th Dist. 1987).  Courts have held that in order to state a claim under Section 1985, **a plaintiff must allege a conspiracy involving private actors rather than those acting under the color of law**.  *Molina*, 430 F.Supp.3d 420, 432 (2019).

17.     Plaintiff's Complaint is entirely devoid of allegations which meet the conditions set forth by Section 1985. Plaintiff does not make the allegation that SILVER CROSS HOSPITAL AND MEDICAL CENTERS was a private actor. The Complaint asserts that this Defendant "acted under color of state law at all relevant times." (Doc. 1,  Page 2.) "The entire purpose of § 1985 (as distinct from § 1983 claims against those acting under color of state law) is "to permit recovery from a private actor who has conspired with state actors." *Molina*, 430 F.Supp.3d 420, 432 (2019). Plaintiff makes no allegations that SILVER CROSS HOSPITAL AND MEDICAL CENTERS engaged in any such conspiracy. Consequently, Plaintiff's claim amounts to no more than a legally insufficient Section 1983 claim and must be dismissed with prejudice.

## c.   *Plaintiff Fails to State A Cause of Action for RICO Violations*

18.     Plaintiff's Complaint must be dismissed because it fails to state a cause of action for a Racketeer Influenced and Corrupt Organization Act ("RICO") claim under either Section 1962(c) or 1962(d).

19.     To state a cause of action under Section 1962(c), a plaintiff must allege that "(1) the defendants participated in the operation or management (2) of an enterprise (3) through a pattern (4) of racketeering activity," alleging specific facts to support each element. *Merrilees v. Merrilees*, 2013 IL App (1st) 121897, ¶ 19.  Plaintiff must allege ***specific facts*** to support each element. Courts have ruled that fraud-based claims require an especially high level of specificity, requiring "specific allegations of facts from which fraud is the necessary or probable inference." *Id.* at 155-156, *citing Chatham Surgicore, Ltd. v. Health Care Service Corp.,* 356 Ill.App.3d 795, 803–04, 292 Ill.Dec. 534, 826 N.E.2d 970 (2005). A Plaintiff must "at least plead with sufficient particularity facts establishing the elements of fraud, including **what** misrepresentations were made, **when** they were made, **who** made the misrepresentations **and to whom** they were made." *Merrilees*, 2013 IL App (1st) 121897, ¶ 19.*, citing Board of Education of City of Chicago v. A, C & S, Inc.,* 131 Ill.2d 428, 457, 137 Ill. Dec. 635, 546 N.E.2d 580 (1989) (emphasis added).

20.     To prove a pattern of racketeering, a plaintiff must sufficiently allege ***at least*** two predicate acts of racketeering occurred ***within a ten year period***.  *Id.*  Predicate acts alone are not sufficient to establish a pattern of racketeering. Rather, a plaintiff must allege facts which demonstrate that the predicates themselves amount to ***continuing*** racketeering activity. *Id.*

21.     In the present case, Plaintiff's vague and conclusory allegations fail to properly establish the elements of fraud as required by Section 1962(c). Although Plaintiff alleges that unspecified Defendants participated in a variety of racketeering activities (mail fraud, internet cover-up, unlawful property acquisition, kidnapping and extortion, obstruction of criminal investigation and law enforcement, abuse of process, retaliation, and the falsification of information), no allegation of participation exists as to this Defendant. The Complaint fails to establish a claim under the RICO Act, as the ambiguous, commingled allegations contained therein

fail to distinguish the actions of the individual defendants. Simply listing actions or misrepresentations without specifying who committed those actions or misrepresentations, when they were made, and to exactly whom they were made does not provide the factual particularity required to satisfy federal pleading standards. *Id.* at ¶ 21.

22. Plaintiff has failed to state a cause of action under Section 1962(d). To sufficiently allege a RICO conspiracy under Section 1962(d), a plaintiff must allege "***specific facts*** that (1) ***each defendant*** agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity and (2) ***each defendant*** further agreed that someone would commit at least two predicate acts to accomplish those goals." *Id.* at ¶ 24 (emphasis added).

23. Plaintiff alleges that there was the existence of an association-in-fact enterprise consisting of various government entities under the influence of organized crime "including but not limited to The Defendants cited above." (Doc. No. 1, Page 11). Plaintiff goes on to specifically allege schemes involving the Attorney's General's Office, IDOT, Austin Tyler Construction, and "connected law firms and judges." *Id.* at ¶ 10, 12. There are no allegations that SILVER CROSS HOSPITAL AND MEDICAL CENTERS had any involvement with Plaintiff's purported Enterprise.

24. Plaintiff does not allege SILVER CROSS HOSPITAL AND MEDICAL CENTERS was in agreement with any other individual defendant that one of them would commit acts which constituted a pattern of racketeering activity or that it consented to be part of any enterprise. Plaintiff's Complaint contains no more than conclusory allegations which claim an agreement exists among the defendants without properly distinguishing the specific conduct or statements of

9

SILVER CROSS HOSPITAL AND MEDICAL CENTERS indicating consent to participate in an illegal venture. This is insufficient.

25.     Without specific factual allegations which establish that this Defendant was in agreement or consented to being a part of an enterprise, Plaintiff has failed to meet federal pleading standards.  Because Plaintiff's Complaint contains no specific averments of fact which establish that this Defendant agreed or consented to be part of an enterprise with any other defendant and/or engaged in a pattern of racketeering, Plaintiff has failed to state a valid cause of action under Section 1962(c) and/or 1962(d). As such, Plaintiff's Complaint must be dismissed with prejudice.

## II.     Plaintiff's Complaint is Vague, Ambiguous, and Inappropriately Commingled

26.     Plaintiff has filed an impermissible shotgun-style pleading, failing to establish any individual action taken by any one defendant. Plaintiff's Complaint contains only vague, conclusory, and inappropriately commingled allegations against all defendants without distinction. Consequently, there are no grounds to establish any viable cause of action against SILVER CROSS HOSPITAL AND MEDICAL CENTERS and Plaintiff's Complaint must be dismissed with prejudice.

27.     Plaintiff's Complaint contains only two allegations which directly reference SILVER CROSS HOSPITAL AND MEDICAL CENTERS:

     a.  "Silver Cross Hospital Inc. 1900 Silver Cross Blvd. New Lenox, IL. Defendants acted under color of state law at all relevant times." and

     b.  "Officer Dobke of the Lockport Police Department took the Plaintiff into custody from Plaintiff's home under threat of force where the Plaintiff was restrained without reason and taken without consent to Silver Cross Hospital where the Plaintiff was again restrained and taken by force across state lines…"

(Doc. 1,  Page 2, 4.)

28.     Following these two generalized assertions, Plaintiff makes a myriad of claims without attributing any specific allegation to an individual actor. Rather, he collectively makes

allegations against "Defendants" and other non-party individuals without distinction. This is done in such a way that the Defendants in this case are rendered incapable of knowing what allegations are directed against them.

29. "Shotgun pleading refers to a pleading style in which each count of the complaint 'incorporates by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged are not material to the claim, or cause of action, appearing in a count's heading.'" *United States Sec. & Exch. Comm'n v. Winemaster*, 529 F. Supp. 3d 880, 906 (N.D. Ill. 2021). Although simply incorporating by reference each of the preceding paragraphs does not alone constitute a shotgun pleading, a Complaint becomes a shotgun pleading when it fails to put the defendants on notice of the claims made against them due to its confusing nature and failure to set out which of the defendants performed which particular act. *Id.* Grouping multiple defendants together and failing to set out which of the defendants performed each wrongful act, as the Plaintiff has done in this case, is impermissible and warrants dismissal. *Id.*

30. Plaintiff's Complaint offers no factual basis for the conclusion that SILVER CROSS HOSPITAL AND MEDICAL CENTERS acted under color of state law or caused injury to him in any way. Following the assertion that he was "taken without consent to Silver Cross Hospital," Plaintiff alleges no facts regarding any action by SILVER CROSS HOSPITAL AND MEDICAL CENTERS, whom he interacted with, or what harm this Defendant allegedly caused. Plaintiff's vague allegations fail to establish any liability on behalf of SILVER CROSS HOSPITAL AND MEDICAL CENTERS and do not provide fair notice to this Defendant of what occurred, who contributed, or who is liable for the alleged harm that follows. This severely prejudices this defendant's ability to respond to Plaintiff's claims, as it has no way of knowing what claims are being asserted against it.

31.     Because Defendant has no way of knowing what claims are being asserted against it due to the vague and commingled nature of Plaintiff's impermissible shotgun pleading, it is deprived of fair notice and is left unable to formulate any response to the Plaintiff's Complaint. In addition, Plaintiff's failure to establish any individual action or inaction taken by SILVER CROSS HOSPITAL AND MEDICAL CENTERS entirely prevents this Defendant from properly investigating Plaintiff's claims and forming a defense.  As such, Plaintiff has filed an insufficient Complaint which must be dismissed with prejudice.

## III. Plaintiff's Failure to File a Section 5/2-622 Report Warrants Dismissal

32.     Plaintiff's ambiguous pleading has failed to establish any medical malpractice claim against SILVER CROSS HOSPITAL AND MEDICAL CENTERS and is not accompanied by a reviewing physician's report as required by 735 ILCS 5/2-622, warranting dismissal.

33.     Under Illinois law, a plaintiff in a medical malpractice cause of action must generally plead the standard of care applicable to the providers in the case, a breach of the standard of care, proximate causation and injury. *Borowski v. Von Solbrig*, 60 Ill.2d 418 (1975); *Walski v. Tiesenga*, 72 Ill.2d 249 (1978).  The burden is on the Plaintiff to prove the proper standard of care against which the defendant's conduct is measured, an unskilled or negligent failure to comply with the applicable standard, and a resulting injury proximately caused by the defendant's want of skill or care.  *Purtill v. Hess*, 111 Ill.2d 229 (1986).

34.     Other than by implication that he was somehow mistreated, Plaintiff's Complaint contains no allegations regarding any action taken by SILVER CROSS HOSPITAL AND MEDICAL CENTERS or any purported staff member.  The Complaint contains no reference to any individual who may have attended to Plaintiff during his time at the facility.  As such,

12

Plaintiff's Complaint fails to establish any element of a medical malpractice claim and must be dismissed.

35. Furthermore, to the extent that Plaintiff intends to make any medical malpractice claim against this Defendant, he is required to file a Section 5/2-622. To minimize frivolous malpractice suits, Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint. *Sherrod v. Lingle*, 223 F.3d 605, 614 (2000). Section 5/2-622 of the Illinois Code of Civil Procedure sets forth the specific pleading requirements that a plaintiff must follow when filing a complaint alleging healing art malpractice against a hospital. *Giegoldt v. Condell Medical Center*, 328 Ill.App.3d 907, 910 (2nd Dist. 2002). A written report submitted pursuant to Section 5/2-622 must clearly identify the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for filing the action exists. *Premo v. Falcone*, 197 Ill.App.3d 625, 631 (2nd Dist. 1990).

36. The requirements of Section 5/2-622 are neither complex nor unduly onerous. *Giegoldt*, 328 Ill.App.3d at 914. Plaintiff has drafted an open-ended, ambiguous pleading and consequently, was required to submit a Section 5/2-622 report that clearly addressed each of this Defendant's alleged negligent acts. To the extent that Plaintiff seeks recovery for any purported action of SILVER CROSS HOSPITAL AND MEDICAL CENTERS and/or any potential agent or employee thereof, he is required to file a report of a reviewing physician pursuant to Section 5/2-622, confirming that he has a meritorious and non-frivolous claim. However, Plaintiff has filed no Section 5/2-622 report alongside his impermissible vague pleading. Thus, Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, respectfully requests this Court grant its Motion for Dismissal, with prejudice, under

Federal Rule of Civil Procedure 12(b)(6) and for other such relief as this Court shall deem fair and just.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL & VANAUSDAL LLC

By: _____ */s/ James M. Bream* _____
One of the Attorneys for the Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS

James M. Bream (jmb@crayhuber.com)
Shana A. O'Grady (sao@crayhuber.com)
Elizabeth E. Stone (ees@crayhuber.com)
CRAY HUBER HORSTMAN HEIL & VANAUSDAL LLC
303 W. Madison Street, Suite 2200
Chicago, Illinois 60606
(312) 332-8450

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, **Defendant Silver Cross Hospital and Medical Centers' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)** was filed electronically with the Clerk of the United States District Court for the Northern District of Illinois by using the CM/ECF system. Service of this filing will be made on the Pro Se Plaintiff, John P. Walliser, and all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

*/s/ James M. Bream*
James M. Bream
CRAY HUBER HORSTMAN HEIL &
VANAUSDAL LLC
303 W. Madison Street, Suite 2200
Chicago, Illinois 60606
(312) 332-8450
jmb@crayhuber.com

*Attorneys for Defendant Silver Cross Hospital and Medical Centers*

15