**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN P. WALLISER** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 1:26-cv-6686** |
| | ) | **Judge Mary M. Rowland** |
| **v.** | ) | **Magistrate Judge Laura K. McNally** |
| | ) | |
| **STEVEN STREIT, Individually and as Mayor of the City of Lockport, Illinois, JEFF DOBKE, Individually and as Officer of the LOCKPORT POLICE DEPARTMENT, THE CITY OF LOCKPORT SANITARY SEWER DISTRICT, SILVER CROSS HOSPITAL INC., NEUROPSYCHIATRIC HOSPITALS LLC, METHODIST HOSPITALS INC., GARY SCHUMAL, Individually and as president of AUSTIN TYLER CONSTRUCTION INC., MICHAEL MARTIN, Individually and as SPECIAL ASSISTANT ATTORNEY GENERAL, TOM THANAS, Individually and as LOCKPORT CITY ATTORNEY and LOBBYIST EMPRESS CASINO, BEN BENSON, Individually and as LOCKPORT CITY MANAGER, MICHAEL CARROLL, Individually and as LOCKPORT CITY ATTORNEY** | ) | |
| | | |
| **Defendants.** | | |

**<u>DEFENDANT, ALLIED HEALTHCARE (INCORRECTLY NAMED AS NEUROPSYCHIATRIC HOSPITALS LLC), MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1), 12(B)(2), AND 12(B)(6)</u>**

NOW COMES Defendant, ALLIED HEALTHCARE, improperly sued as "NEUROPSYCHIATRIC HOSPITALS LLC," (hereinafter "Defendant") by and through its attorneys, Jennifer M. Suttle and Petrus J. Martens of Barker, Castro & Steinback, LLC, and hereby

moves this Honorable Court for dismissal of the Plaintiff's Complaint at Law under Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6). In support thereof, Defendant states as follows:

1. On June 4, 2026, Plaintiff, JOHN P. WALLISER ("Plaintiff"), filed an improper and wholly insufficient Complaint at Law ("Complaint") bearing case number 1:26-cv-6686 against multiple defendants. [Doc. No. 1].

2. Plaintiff's Complaint asserts numerous vague conclusionary allegations against several unrelated defendants, including Defendant. To the extent Plaintiff's allegations can be ascertained, it seems Plaintiff alleges that defendants, individually and in concert, conducted affairs of an enterprise through a pattern of racketeering activity, including mail fraud, wire fraud, bribery, extortion, and other predicate acts. [*See also* Doc. 8]. Plaintiff also includes allegations pertaining to retaliation against a whistleblower under the Sarbanes Oxley Act. *Id*.

3. In addition to plausibility issues, Plaintiff's Complaint also fails to provide how the Northern District of Illinois has personal jurisdiction over Defendant and how this Court has subject matter jurisdiction regarding his whistleblower claims.

4. Plaintiff appears to seek recovery against all Defendants for purported violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. §§ 1962(c)-(d) for numerous alleged predicate acts, retaliation against a whistleblower under the Sarbanes Oxley Act, and the First, Fourth, and Fourteenth Amendment of the United States Constitution.

5. Pursuant to Fed. R. Civ. P. 12(b)(2), a defendant may move for dismissal based on a lack of personal jurisdiction. To allege personal jurisdiction, "a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the [forum] state. *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518

(8th Cir. 2010). Plaintiff has not sufficiently pleaded any facts to suggest that the State of Illinois has any personal jurisdiction over Defendant.

6. Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move for dismissal of a for failing to state claim upon which relief can be granted. Plaintiff fails to allege what specific grounds or subsection of 42 U.S.C.S. § 1985 he is relying on in his complaint. Due to the lack of specificity, Defendant, nor any co-defendant, have notice of what specific subsection Plaintiff is alleging a violation. Plaintiff does not sufficiently state a claim upon which relief can be granted under 42 U.S.C.S. § 1985(1). *See Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1338 (7th Cir. 1977). At no point does Plaintiff claim a conspiracy which effects a federal or state judicial proceeding directly. Plaintiff provides no factual allegations as to "how" the defendant's acted as alleged conspirators and obstructed justice outside of stating a conclusionary violation of law. Accordingly, any claim under 42 U.S.C.S. § 1985(2) also fails. *See Kush v. Rutledge*, 460 U.S. 719, 724-725 (1983). In order to assert a claim for relief under 42 U.S.C.S. § 1985(3), Plaintiff must claim racial or class-based invidious discriminatory animus behind the conspirators' action. Plaintiff makes no such claim. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Last, Plaintiff's claims are time barred. *See ROSS v. ILLINOIS*, 48 F. App'x 200, 202 (7th Cir. 2002).

7. Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move for dismissal of a for failing to state claim upon which relief can be granted. For a private entity to be liable in a civil action for the deprivation of rights under 42 U.S.C. § 1983, plaintiff must prove two elements: (1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under "color of law." *Rayford v. Wells Fargo Bank, N.A.*, No. 5:25-CV-00348-KKC-EBA, 2026 U.S. Dist. LEXIS 81552, at *3-4 (E.D. Ky. Feb. 27, 2026) (internal citations omitted). Plaintiff's claims are mere conjecture and not sufficient to

state a claim under 42 U.S.C. § 1983 because Defendant cannot be deemed to have acted under "color of law" absent of factual allegations to the contrary. Therefore, Defendant cannot be subject to any alleged constitutional violations due to Defendant's status as a private actor. Last, Plaintiff's claims are time barred. *See Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016).

8. Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move for dismissal of a for failing to state claim upon which relief can be granted. Section 1962(c) makes it unlawful "for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." *Reves v. Ernst & Young*, 507 U.S. 170, 177 (1993). Plaintiff fails to plausibly allege that Defendant participated in the operation or management of the alleged enterprise itself to establish the "conduct" prong of a RICO claim. Plaintiff also fails to provide a plausible basis to show an association in fact enterprise existed. *See D. Penguin Bros. v. City Nat'l Bank*, 587 F. App'x 663, 668 (2d Cir. 2014). Regarding a "pattern of racketeering activity," Plaintiff fails to allege that the defendants committed two or more predicate acts within a ten-year time span and fails to plead a plausibly nexus exist between the enterprise and the racketeering activity that is being conducted. *Id*.

9. For a federal court to have subject matter jurisdiction over a Sarbanes-Oxley whistleblower retaliation claim, a plaintiff must first exhaust administrative remedies by filing a complaint with the Secretary of Labor. *Rinaldi v. Nice, Ltd.*, 2021 U.S. Dist. LEXIS 180046, at *6 (S.D.N.Y. Sep. 21, 2021). A district court will fail to have subject matter jurisdiction in the event a plaintiff fails exhaust administrative remedies. *Daly v. Citigroup Inc.*, 939 F.3d 415, 429 (2d Cir. 2019). Due to Plaintiff failing to meet pre-filing requirements because of his failure to exhaust all administrative remedies, this Court does not have subject matter justification to hear

this claim. Plaintiff also fails to state a cause of action upon which relief can be granted under 12(b)(6) because Plaintiff is not an employee protected under the Sarbanes-Oxley Act.

10. Defendant hereby incorporates the accompanying Memorandum of Law into this Motion, which sets forth the specific reasons Defendant's Motion to Dismiss should be granted.

WHEREFORE, and for the reasons set forth herein and in Defendants accompanying Memorandum of Law, Defendant respectfully requests that this Court dismiss all Plaintiff’s claims with prejudice and grant such further relief as the Court deems just.

Respectfully submitted,

BARKER, CASTRO & STEINBACK, LLC



Petrus J. Martens, One of the Attorneys for Defendant

Jennifer M. Suttle (jsuttle@bclawllc.com)
Petrus J. Martens (pmartens@bclawllc.com)
BARKER, CASTRO & STEINBACK, LLC
303 West Madison Street, Suite 700
Chicago, Illinois 60606
312-855-9300
Firm ID No. 99678

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2026, I served a true and correct copy of the foregoing **Defendant, Allied Healthcare (Incorrectly Named as Neuropsychiatric Hospitals LLC), Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(B)(1), 12(B)(2), and 12(B)(6*)*** on all counsel of record and Mr. John P. Walliser by filing the same on the Court's ECF system. Mr. John P. Walliser was sent copies of the same via certified mail on the above date.

*/s/ Petrus J. Martens*
Petrus J. Martens
Attorney for Defendants

## SERVICE LIST

**PLAINTIFF, PRO SE**

John P. Walliser (johnpwalliser@gmail.com)
405 S. Washington Street
Lockport, IL 60441
P: 708-268-2354

**COUNSEL FOR GARY SCHUMA, INDIVIDUALLY AND AS PRESIDENT OF AUSTIN TYLER CONSTRUCTION, INC.**

Joseph A. Korn (jakorn@wmlaw.com)
J. Jason Coggins (jjcoggins@wmlaw.com)
Thomas E. Soule (tesoule@wmlaw.com)
Richard J. Leamy, Jr. (rjleamy@wmlaw.com)
Wiedner & McAullife, Ltd.
One N. Franklin Street
Suite 1900
Chicago, IL 60606
P: 312-855-1105

**COUNSEL FOR SILVER CROSS HOSPITAL AND MEDICAL CENTERS**

James M. Bream (jmb@crayhuber.com)
Cray Huber Horstman Heil & VanAusdal LLC
303 W. Madison Street
Suite 2200
Chicago, IL 60606
P: 312-332-8450