**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN P. WALLISER, | ) | 1:26CV6686 |
| Plaintiff, | ) | Hon. Mary Rowland, J. |
| | ) | Hon. Laura McNally, M.J. |
| v. | ) | |
| | ) | |
| STEVEN STREIT *et al*, | ) | |
| Defendants. | ) | |

**MOTION BY GARY SCHUMAL AND AUSTIN TYLER CONSTRUCTION INC. TO STRIKE PLAINTIFF'S "ANSWER TO DEFENDANTS' MOTIONS TO STRIKE AND DISMISS" (DOC. 55)**

Gary Schumal and Austin Tyler Construction Inc. ("ATC"), by their counsel, Wiedner & McAuliffe Ltd., respectfully request that a brief filed by John Walliser on October 19, 2026, entitled "Plaintiff's Answer to Defendants' Motions to Strike and Dismiss" (Doc. 55, PageID 468-474), be stricken from the record, on the grounds that Mr. Walliser filed an "Answer to Defendant Gary Schumal's Motion to Dismiss the Complaint" on September 8, 2026 (Doc. 50, PageID 266-444), thus making the October 19, 2026 filing (Doc. 55) a surresponse that was improperly filed without leave of Court. Mr. Schumal and ATC further submit that the October 19, 2026 filing (a) repeats the arguments made in the September 8, 2026 filing almost *verbatim* and (b) improperly adds arguments, as to applicable statutes of limitations, that Mr. Walliser waived by not responding in his September 8, 2026 filing to arguments that his claims were time-barred, making his new filing subject to being stricken for that reason.

In the alternative, Mr. Schumal and ATC respectfully seek an order dismissing the claims against them with prejudice, for reasons stated in the briefing on their motion to dismiss.

The entry of such relief is appropriate for these reasons:

1. Mr. Schumal and ATC moved to dismiss Mr. Walliser's complaint on August 20, 2026. (Docs. 28 and 29, PageID 118-201.)

2. This Court entered orders on September 2, 2026 relating to Mr. Walliser's claims. One of those orders (Doc. 46, PageID 247) joined ATC as a necessary party, with Mr. Schumal's motion to dismiss being deemed to apply to claims made against ATC as well. That order directed Mr. Walliser to respond to the motion to dismiss brought by Mr. Schumal and ATC by October 30, 2026. (*Id.*)

3. Mr. Walliser, in fact, filed a response to the motion to dismiss brought by Mr. Schumal and ATC on September 8, 2026. (Doc. 50; *see* Appendix 1 (copy of brief, without exhibits).) In that response, Mr. Walliser claimed that Mr. Schumal and ATC "mischaracterized… [and] failed to take notice of the factual background of [his] complaint," which supported his request that this court "deny the defendant's motion to strike and dismiss." (Doc. 50, PageID 267 and 271.)

4. Mr. Schumal and ATC filed a reply in support of their motion to dismiss on September 18, 2026. (Doc. 53, PageID 456-466.) Mr. Schumal and ATC noted, among several other things, that

(a) Mr. Walliser's response to the motion to dismiss did not address the claim by Mr. Schumal and ATC that Mr. Walliser could not pursue claims under 42 U.S.C. §1983 as they were time-barred under a two year statute of limitations (*see* Doc. 53, PageID 456-457);

(b) the failure to respond to an argument made in a motion to dismiss constitutes waiver of the point, under cases like *IBEW Local 15 v. Exelon Corp.*, 495 F.3d 779, 783 (7th Cir. 2007), *Sauk Prairie Conservation Alliance v. U.S. Department of the Interior*, 944 F.3d 664, 674 (7th Cir. 2019) and *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991), meaning that Mr. Walliser had waived any claims that his claim under 42 U.S.C. §1983 were not time-barred (*see* Doc. 53, PageID 457);

(c) Mr. Walliser's response to the motion to dismiss presented information, including e-mail messages that he sent, which indicated that he knew of ATC's involvement in the sewer rehabilitation project taking place near his home on or around June 29, 2021, and further alleged that their involvement was part of the same enterprise that had purportedly conspired to violate his rights, with respect to the construction of the I-355 Tollway, since the 1990s (*see* Doc. 53, PageID 458-462); and

(d) Mr. Walliser offered no argument against the applicability of a four-year statute of limitations for civil RICO claims, or against holdings providing that "begins to run when [a plaintiff discovers], or should, if diligent, have discovered, that [he] had been injured," and that "a plaintiff does not need to know that his injury is actionable to trigger the statute of limitations [with the focus being] on the discovery of the harm itself" (Doc. 53, PageID 462 (quoting *Cancer Foundation Inc. v. Cerberus Capital Management LP*, 559 F.3d 671, 674 (7th Cir. 2009)).

5. Therefore, the motion to dismiss brought by Mr. Schumal and ATC was fully-briefed and ripe for decision as of September 18, 2026.

6. However, on October 19, 2026, Mr. Walliser filed a new version of the answer that he filed previously. (Doc. 55; *see* Appendix 2 (copy of brief).) That filing (a) contained the same arguments, almost *verbatim*, as were made in the prior filing (*compare* Doc. 55, PageID 469-473 (Paragraphs 1-9) *with* Doc. 50, PageID 267-271 (Paragraphs 1-9)), and (b) added new claims regarding the applicable statutes of limitations.[1]

7. This Court may, within its discretion, strike the brief that Mr. Walliser filed on October 19, 2026, simply because he did not have, or seek, leave to file that brief under the order which directed how the motion to dismiss was to be briefed (Doc. 46). It may specifically find that

[1] Oddly, the brief that Mr. Walliser filed on November 2, 2026 in response to a motion to dismiss brought by Methodist Hospitals Inc. (*see* Doc. 59) restates arguments as to "[the] involvement of Austin Tyler Construction," and claims that "the damage [to his property] was caused by the actions of the Defendants, Austin Tyler and the City of Lockport." (*See* Doc. 59, PageID 501.) This brief also restates his arguments made about how his claims are not time-barred. (*See id.*, PageID 504.)

the injection of argument regarding the statute of limitations is improper at this stage, particularly as it was filed more than a month after Mr. Schumal and ATC argued, based on precedent, that such arguments were waived by Mr. Walliser's failure to raise them in his September 8, 2026 response.

8. In the alternative, this Court should find, if it does not strike Mr. Walliser's supplemental filing, that

(a) Mr. Walliser's improperly-filed brief failed to present any authority showing that a claim for relief under 42 U.S.C. §1983 accrued when a plaintiff was released from custody (see Doc. 55, PageID 473);

(b) Mr. Schumal and ATC presented binding authority showing that a claim made under 42 U.S.C. §1983 for a false arrest or imprisonment accrues when the arrest takes place, or when a person is held according to judicial process," or, more broadly, "when the plaintiff knows or should know that his or her constitutional rights have been violated" (*see* Doc. 29, PageID 130-131 (citing *Wallace v. Chicago*, 440 F.3d 421, 424-427 (7th Cir. 2006), *Gekas v. Vasilades*, 814 F.3d 890, 894 (7th Cir. 2016), *Towne v. Donnelly*, 44 F.4th 666, 671 (7th Cir. 2022) and *National Casualty Co. v. McFatridge*, 604 F.3d 335, 344 (7th Cir. 2010));

(c) Mr. Walliser clearly knew at the time of his arrest – given statements and other materials that are subject to judicial notice (see *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022)) – that his rights were being purportedly violated, meaning that (1) his claims accrued on or around May 9, 2024 and (2) the filing of his complaint on June 4, 2026 was beyond the two-year statute of limitations as a result (*see* Doc. 53, PageID 456-457);

(d) Mr. Walliser concedes that a four-year statute of limitations applies to his RICO claims (*see* Doc. 55, PageID 474);

(e) the evidence presented in this case, on which this Court may rely even on a motion to dismiss (*see Fosnight*, *supra*), shows that Mr. Walliser's claim accrued no later than the second half of 2021, which is more than four years' distance from the filing of the complaint, making his civil RICO claims time-barred (see Doc. 53, PageID 458-462); and

(f) Mr. Walliser makes no claims under Illinois law based on "unwritten contracts… or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for," which means that the five-year statute of limitations on which Mr. Walliser relies (Doc. 55, PageID 473 (citing 735 ILCS 5/13-205)) does not apply here – whether on its own merits or on account of Mr. Walliser's failure to raise the point in response to the motion to dismiss.

9. Given all of the foregoing, Mr. Walliser's second attempt to respond to the motion to dismiss brought by Mr. Schumal and ATC is facially improper, and groundless in any event. This Court should therefore strike the improper filing or, in the alternative, dismiss the claims against Mr. Schumal and ATC with prejudice, as sought by the underlying motion to dismiss that they brought, given Mr. Walliser's failure to state a plausible claim for relief.

WHEREFORE, Gary Schumal and Austin Tyler Construction Inc. respectfully request that Mr. Walliser's filing of October 19, 2026, entitled "Plaintiff's Answer to Defendants' Motions to Strike and Dismiss" (Doc. 55), be stricken from the record or, in the alternative, that their motion to dismiss the claims against them with prejudice (Doc. 28 & 29) be granted for reasons stated in the briefing that was presented on that motion.

Respectfully submitted,

Gary Schumal and Austin Tyler Construction Inc.

By: /s/ Richard J. Leamy Jr.
Richard J. Leamy Jr.

Richard J. Leamy Jr. (rjleamy@wmlaw.com)
Thomas E. Soule (tesoule@wmlaw.com)
Wiedner & McAuliffe Ltd.
One North Franklin Street, 19th Floor
Chicago, Illinois 60606
(312) 855-1105
*Attorneys for Gary Schumal and Austin Tyler Construction Inc.*

## CERTIFICATE OF SERVICE

I, Richard J. Leamy Jr. under penalty of perjury, pursuant to 28 U.S.C. §1746 and all other applicable laws and rules, hereby certify that the preceding document was electronically filed, and served on John Walliser by first-class mail (405 South Washington Street, Lockport, Illinois 60441) and by e-mail (johnpwalliser@gmail.com), on November 10, 2026. I further certify that all other parties were served (either personally or through counsel of record) with the same document, on the same date, as indicated below:

*By operation of the Court's electronic filing system and by e-mail*

Silver Cross Hospital & Medical Centers (improperly named as Silver Cross Hospital Inc.)
James Bream – jmb@crayhuber.com

NeuroPsychiatric Hospitals LLC
Jennifer Suttle – jsuttle@bclawllc.com
Petrus Martens Jr. – pmartens@bclawllc.com

Methodist Hospitals Inc.
John Twohy (jtwohy@eichhorn-law.com)

*By first-class mail*

Hon. Steven Streit
Mayor of Lockport
222 East Ninth Street
Lockport, Illinois 60441

Tom Thanas
Lockport City Attorney
222 East Ninth Street
Lockport, Illinois 60441

Ofc. Jeff Dobke
Lockport Police Department
1212 Farrell Road
Lockport, Illinois 60441

Ben Benson
Lockport City Manager
222 East Ninth Street
Lockport, Illinois 60441

Lockport Sanitary Sewer District
222 East Ninth Street
Lockport, Illinois 60441

Michael Carroll
222 East Ninth Street
Lockport, Illinois 60441

Michael Martin
15 West Jefferson Street, Suite 300
Joliet, Illinois 60432

/s/ Richard J. Leamy Jr.
Richard J. Leamy Jr.

BC

FILED
9/8/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Exhibit 1**

| | |
|---|---|
| JOHN P. WALLISER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case Number: 26-cv-6686 |
| | ) |
| STEVEN STREIT, Individually and as Mayor of the City | ) |
| of Lockport, Illinois, JEFF DOBKE, Individually and as | ) Judge: Mary M. Rowland |
| Officer of the LOCKPORT POLICE DEPARTMENT, | ) |
| THE CITY OF LOCKPORT SANITARY SEWER | ) |
| DISTRICT, SILVER CROSS HOSPITAL INC. | ) |
| NEUROPSYCHIATRIC HOSPITALS LLC, METHODIST | ) |
| HOSPITALS INC., GARY SCHUMAL, Individually | ) |
| and as president of AUSTIN TYLER CONSTRUCTION | ) |
| INC. MICHAEL MARTIN, Individually and as SPECIAL | ) |
| ASSISTANT ATTORNEY GENERAL, TOM THANAS, | ) |
| Individually and as LOCKPORT CITY ATTORNEY and | ) |
| LOBBYIST EMPRESS CASINO, BEN BENSON, | ) |
| Individually and as LOCKPORT CITY MANAGER, | ) |
| MICHAEL CARROLL, Individually and as LOCKPORT | ) |
| CITY ATTORNEY | ) |
| | ) |
| Defendants, | ) |

**PLAINTIFF'S ANSWER TO DEFENDANT GARY SCHUMAL'S MOTION TO DISMISS THE COMPLAINT**

NOW COMES the Plaintiff, JOHN P. WALLISER Pro se and in ANSWER to the Defendant's MOTION TO DISMISS, states as follows:

1. The Defendant Gary Shumal and Austin Tyler Construction Inc. have been joined as Defendants in this action pursuant to the Court's ruling on Sept. 2nd.

2. The Defendant has mischaracterized the Plaintiff's Complaint and has failed to take notice of the factual background of the Plaintiff's Complaint.

## I. JURISDICTION

3. Plaintiff's Exhibit 1 on page 17 is the letter issued by Kirk Brown as the Sec. of IDOT, where he rules that the Plaintiff is a "Displaced Person" and that this project was only in the planning phase. This Exhibit is taken from the Plaintiff's published book, ***PROFILES IN EVIL The History Of RICO Violations In The Planning, Federal Approvals And Construction Of I-355 In Will County Illinois.*** This Exhibit includes several dozen government documents establishing unlawful property acquisitions. This letter on page 17 was written as a response to the letter sent to Governor Edgar exposing the fraud that was committed in my eviction trial and Appellate Court ruling. The A.G. committed a judicial fraud by advising the Court that Illinois never adopted the Administrative Review Act regarding the State and Federal Displaced Person Act.

4. As shown in Exhibit 1, Illinois has adopted the Administrative Review Act and the letter of Kirk Brown is the Final Administrative Ruling that the Plaintiff is a "Displaced Person" under the Federal Displaced Person Act. This legal ruling was made in response to

the fraudulent ruling of the Appellate Court. Under the Administrative Review Act**,** State Courts have no subject matter jurisdiction outside of the Administrative Review Act. These issues are fully documented in detail in Exhibit 1. This Court is required to take notice of subject matter jurisdiction concerning the judicial citations claimed by the Defendant that were all compromised by the lack of subject matter jurisdiction. The ruling by Kirk Brown is a final Administrative ruling and no Court can reverse that decision except through a proceeding of Administrative Review. ***Belleville Toyota Inc. v. Toyota Motor sales, U.S.A. Inc., 199 Ill. 2d 325, 325, 352-353, 264 Ill. Dec. 283,770 N.E. 2d 177, 191 (2002 Ill. S. Ct.)***

## II. PROXIMATE CAUSE

5. The involvement of Austin Tyler Construction, together with the City of Lockport is well documented and it was part of the Plaintiff's Complaint filed with the Will County Board of Review. The Complaint is attached as Plaintiff's Exhibit 4. The Board of Review recognized the damage to the Plaintiff's property and removed all property taxes as a result. The damage was caused by the actions of the Defendants, Austin Tyler and the City of Lockport. The introductory page of the complaint to the board stated as follows:

**THE HISTORY OF RICO VIOLATIONS AND CONSPIRACY CONNECTED TO THE VIOLATIONS OF PUBLIC HEALTH CODES AND THE FRAUDULENT MISUSE OF FUNDING FOR THE LOCKPORT SEWER SYSTEM**

**This current expose of organized crime is the 3rd. Of a series of investigations entitled**

**“Profiles in Evil”**

**Pay to Play and the “Flint Michigan” style cover-up of severe Public Health Code violations and fraud involving “Connected Contractors” and “Connected Public Officials” including the misappropriation of Federal funds. These are the same actors and entities involved in the previous investigation, “RICO VIOLATIONS IN THE PLANNING, FEDERAL APPROVALS AND THE CONSTRUCTION OF I-355 IN WILL COUNTY, ILLINOIS”**

6. The substantive body of the complaint is taken from the Plaintiff’s book, ***Profiles in Evil, Lockport's Sanitary Sewer Scandal: A Public Health Crisis Worse Than Flint Michigan.*** This Exhibit provides evidence of the Defendants’conduct resulting in the well documented damage to the plaintiff’s property. The Exhibit clearly shows the relationship between The City of Lockport and their contractor, Austin Tyler, who acted under the direct supervision of the City of Lockport.

## III. DAMAGES

7. Attached to this Answer is Plaintiff’s Exhibit 2. This Exhibit is in response to the notification of loss of use of property that the Plaintiff made to the Lender. The lender was provided with the rulings of the Will County Board of Review and the filing of this Federal Complaint. The Lender is now foreclosing on the mortgage. (See Exhibit 2). The Plaintiff has proven damages as a direct consequence of the actions of the Defendants.

## IV. CIVIL RICO

8. Attached to this Answer is the Plaintiff's Exhibit 3. This Exhibit is a published article that provides the court with QR codes to access the Plaintiff's Website and published books on Amazon. The Exhibit carefully details the nature of the Plaintiff's causes of action and the involvement of organized crime. This article explains the secret State Police Investigation that the Plaintiff was a part of. The Complaint For Search Warrant issued on Sept. 27th of 1995 provides proof of criminal conduct and organized crime within the Attorney General's Office as well as the Courts. In Exhibit 1 on page 17 is the letter issued by the Sec. of IDOT affirming the Plaintiff's status as a "Dispaled Person" and affirming that this project was still in the planning stage. On page 11 of Ex. 1 is a letter from Governor Edgar to Robert Hickman, the Tollway Director, dated August 16, 1993, which stated the approvals to proceed in the planning and engineering studies for I-355 noting that the locations would not be finally determined until after environmental hearings and the preparation of an Environment Impact Statement.

9. On page 6 of Ex. 1 is the Complaint For Condemnation of Bluff Oaks Estates filed by the Defendant, AAG. Michael Martin in 1991. This action was taken 2 years before the documents of the Sec. of IDOT's letter and Governor Edgar's letter affirming that this project was only in the planning stage. The Complaint states that "Plaintiff has selected, approved, designated and authorized the construction of FAP 340, in Will County Illinois". On page 9, is the signature page of the Complaint. Michael Martin signed the names of Kirk Brown and Jim Edgar. Michael Martin was never authorized to sign on behalf of Governor Edgar or Kirk Brown. The secret state police criminal investigation was launched because of my letter to the governor exposing the fraud in my eviction proceedings and the

corrupt pay to play property acquisition of Bluff Oaks Estates. The Defendant, Michael Martin committed perjury and forgery as part of the bribery scheme. On page 1 of Ex. 1 are copies of IDOT's Policies and Procedures manual detailing the requirements for advanced acquisitions of property for future highways. There are many steps that are required including environmental studies and hearings. The filing of corridor protection maps with the County Recorder as well as notification requirements. Exhibit 1 details the involvement of organized crime and pay to play bribery in the acquisitions of properties with advanced knowledge of Tollway interchange locations going back nearly 3 decades.

WHEREFORE, the Plaintiff prays this Honorable Court to deny the Defendant's Motion To Strike And Dismiss and to issue such other and further orders as this Court deems fit and proper.

Respectfully submitted,
*John P. Walliser*
/s/ John P. Walliser MLS Pro se

John P. Walliser
405 S. Washington St.
Lockport. IL. 60441
708 268 2354
johnpwalliser@gmail.com

FILED
10/19/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:26-CV-06686

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Exhibit 2**

| | |
|---|---|
| JOHN P. WALLISER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case Number: 1:26-cv-6686 |
| | ) |
| STEVEN STREIT, Individually and as Mayor of the City | ) |
| of Lockport, Illinois, JEFF DOBKE, Individually and as | ) Judge: Mary M. Rowland |
| Officer of the LOCKPORT POLICE DEPARTMENT, | ) |
| THE CITY OF LOCKPORT SANITARY SEWER | ) |
| DISTRICT, SILVER CROSS HOSPITAL INC. | ) |
| NEUROPSYCHIATRIC HOSPITALS LLC, METHODIST | ) |
| HOSPITALS INC., GARY SCHUMAL, Individually | ) |
| and as president of AUSTIN TYLER CONSTRUCTION | ) |
| INC. MICHAEL MARTIN, Individually and as SPECIAL | ) |
| ASSISTANT ATTORNEY GENERAL, TOM THANAS, | ) |
| Individually and as LOCKPORT CITY ATTORNEY and | ) |
| LOBBYIST EMPRESS CASINO, BEN BENSON, | ) |
| Individually and as LOCKPORT CITY MANAGER, | ) |
| MICHAEL CARROLL, Individually and as LOCKPORT | ) |
| CITY ATTORNEY | ) |
| | ) |
| Defendants, | ) |

**PLAINTIFF'S ANSWER TO DEFENDANTS' MOTIONS TO STRIKE AND DISMISS**

NOW COMES the Plaintiff, JOHN P. WALLISER Pro se and in ANSWER to the Defendants' MOTIONS TO DISMISS, states as follows:

1. The Defendant Gary Shumal and Austin Tyler Construction Inc. have filed a Motion to Strike and Dismiss the Complaint of the Plaintiff. The Plaintiff has filed an Answer to the Motion and hereby adopts and incorporates said Answer as part and parcel of this Answer to all of the Defendants' Motions to Strike and Dismiss.

2. The Defendants have mischaracterized the Plaintiff's Complaint and have failed to take notice of the factual background of the Plaintiff's Complaint. The factual background of the Plaintiff's Complaint is taken from matters of public record. These include governmental publications, court records, published articles and are now available on numerous social media platforms.

## I. JURISDICTION

3. Plaintiff's Exhibit 1 on page 17 is the letter issued by Kirk Brown as the Sec. of IDOT, where he rules that the Plaintiff is a "Displaced Person" and that this project was only in the planning phase. This Exhibit is taken from the Plaintiff's published book, ***PROFILES IN EVIL The History Of RICO Violations In The Planning, Federal Approvals And Construction Of I-355 In Will County Illinois.*** This Exhibit includes several dozen government documents establishing unlawful property acquisitions. This letter on page 17 was written as a response to the letter sent to Governor Edgar exposing the fraud that was committed in my eviction trial and Appellate Court ruling. The A.G. committed judicial fraud by advising the Court that Illinois

never adopted the Administrative Review Act regarding the State and Federal Displaced Person Act.

4. As shown in Exhibit 1, Illinois has adopted the Administrative Review Act and the letter of Kirk Brown is the Final Administrative Ruling that the Plaintiff is a "Displaced Person" under the Federal Displaced Person Act. This legal ruling was made in response to the fraudulent ruling of the Appellate Court. Under the Administrative Review Act**,** State Courts have no subject matter jurisdiction outside of the Administrative Review Act. These issues are fully documented in detail in Exhibit 1. This Court is required to take notice of subject matter jurisdiction concerning the judicial citations claimed by the Defendant that were all compromised by the lack of subject matter jurisdiction. The ruling by Kirk Brown is a final Administrative ruling and no Court can reverse that decision except through a proceeding of Administrative Review. ***Belleville Toyota Inc. v. Toyota Motor sales, U.S.A. Inc., 199 Ill. 2d 325, 325, 352-353, 264 Ill. Dec. 283,770 N.E. 2d 177, 191 (2002 Ill. S. Ct.)***

## II. PROXIMATE CAUSE

5. The involvement of Austin Tyler Construction, together with the City of Lockport is well documented and it was part of the Plaintiff's Complaint filed with the Will County Board of Review. The Complaint is attached as Plaintiff's Exhibit 4. The Board of Review recognized the damage to the Plaintiff's property and removed all property taxes as a result. The damage was caused by the actions of the Defendants, Austin Tyler and the City of Lockport. The introductory page of the complaint to the board stated as follows:

**THE HISTORY OF RICO VIOLATIONS AND CONSPIRACY CONNECTED TO THE VIOLATIONS OF PUBLIC HEALTH CODES AND THE FRAUDULENT MISUSE OF FUNDING FOR THE LOCKPORT SEWER SYSTEM**

**This current expose of organized crime is the 3rd. Of a series of investigations entitled**
**"Profiles in Evil"**

**Pay to Play and the "Flint Michigan" style cover-up of severe Public Health Code violations and fraud involving "Connected Contractors" and "Connected Public Officials" including the misappropriation of Federal funds. These are the same actors and entities involved in the previous investigation, "RICO VIOLATIONS IN THE PLANNING, FEDERAL APPROVALS AND THE CONSTRUCTION OF I-355 IN WILL COUNTY, ILLINOIS"**

6. The substantive body of the complaint is taken from the Plaintiff's book, ***Profiles in Evil, Lockport's Sanitary Sewer Scandal: A Public Health Crisis Worse Than Flint Michigan.*** This Exhibit provides evidence of the Defendants'conduct resulting in the well documented damage to the plaintiff's property. The Exhibit clearly shows the relationship between The City of Lockport and their contractor, Austin Tyler, who acted under the direct supervision of the City of Lockport.

## III. DAMAGES

7. Attached to this Answer is Plaintiff's Exhibit 2. This Exhibit is in response to the notification of loss of use of property that the Plaintiff made to the Lender. The lender was provided with the rulings of the Will County Board of Review and the filing of this Federal

Complaint. The Lender is now foreclosing on the mortgage. (See Exhibit 2). The Plaintiff has proven damages as a direct consequence of the actions of the Defendants.

## IV. CIVIL RICO

8. Attached to this Answer is the Plaintiff's Exhibit 3. This Exhibit is a published article that provides the court with QR codes to access the Plaintiff's Website and published books on Amazon. The Exhibit carefully details the nature of the Plaintiff's causes of action and the involvement of organized crime. This article explains the secret State Police Investigation that the Plaintiff was a part of. The Complaint For Search Warrant issued on Sept. 27th of 1995 provides proof of criminal conduct and organized crime within the Attorney General's Office as well as the Courts. In Exhibit 1 on page 17 is the letter issued by the Sec. of IDOT affirming the Plaintiff's status as a "Displaced Person" and affirming that this project was still in the planning stage. On page 11 of Ex. 1 is a letter from Governor Edgar to Robert Hickman, the Tollway Director, dated August 16, 1993, which stated the approvals to proceed in the planning and engineering studies for I-355 noting that the locations would not be finally determined until after environmental hearings and the preparation of an Environment Impact Statement.

9. On page 6 of Ex. 1 is the Complaint For Condemnation of Bluff Oaks Estates filed by the Defendant, AAG. Michael Martin in 1991. This action was taken 2 years before the documents of the Sec. of IDOT's letter and Governor Edgar's letter affirming that this project was only in the planning stage. The Complaint states that "Plaintiff has selected, approved, designated and authorized the construction of FAP 340, in Will County Illinois".

On page 9, is the signature page of the Complaint. Michael Martin signed the names of Kirk Brown and Jim Edgar. Michael Martin was never authorized to sign on behalf of Governor Edgar or Kirk Brown. The secret state police criminal investigation was launched because of my letter to the governor exposing the fraud in my eviction proceedings and the corrupt pay to play property acquisition of Bluff Oaks Estates. The Defendant, Michael Martin committed perjury and forgery as part of the bribery scheme. On page 1 of Ex. 1 are copies of IDOT's Policies and Procedures manual detailing the requirements for advanced acquisitions of property for future highways. There are many steps that are required including environmental studies and hearings. The filing of corridor protection maps with the County Recorder as well as notification requirements. Exhibit 1 details the involvement of organized crime and pay to play bribery in the acquisitions of properties with advanced knowledge of Tollway interchange locations going back nearly 3 decades.

## V. STATUTES OF LIMITATIONS

10. The Plaintiff was taken into custody by Officer Jeff Dobke of the Lockport Police Department on 05/09/2024. The Plaintiff remained in custody until 06/08/2024. The Plaintiff's Complaint was filed on 06/04/2026 before the 2 year statute of limitations for Actions under 42 U.S.C. Sec. 1983 and 1985.

12. The damages to the Plaintiff's property as a result of the Defendants' actions involving the Sanitary Sewer Scandal are governed by Illinois statute 735 ILCS 5/13-205 and is a 5 year statute of limitations. The Plaintiff is well within this limitations period.

13. The Federal statute of limitations for violations of Civil RICO is 4 years and the Plaintiff is well within this limitation period in the filing of the Complaint.

WHEREFORE, the Plaintiff prays this Honorable Court to deny the Defendants' Motions To Strike And Dismiss and to issue such other and further orders as this Court deems fit and proper.

Respectfully submitted,
*John P. Walliser*
/s/ John P. Walliser MLS Pro se

John P. Walliser
405 S. Washington St.
Lockport. IL. 60441
708 268 2354
johnpwalliser@gmail.com